HOLME ROBERTS & OWEN LLP
Jonathan G. Fetterly (SBN: 228612)
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Main Phone: (213) 572-4300
Main fax: (213) 572-4400
www.hro.com

Attorney for Plaintiffs

CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; ARISTA RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; and ELEKTRA ENTERTAINMENT GROUP INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> COURTNEY LOCKWOOD, <br><br> Defendant. | Case No.: 2:05-cv-1292-MCE-KJM <br><br> **Related Cases**: <br><br> JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION |

1  The Court, having considered the Stipulation to Judgment and Permanent
2  Injunction executed by the parties,

4  IT IS ORDERED AND ADJUDGED THAT:

6  1.  Plaintiffs have alleged that Defendant distributed (including by
7  uploading) and/or reproduced (including by downloading) via the Internet or an
8  online media distribution system copyrighted sound recordings owned or
9  controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17
10 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested
11 plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

13 2.  Defendant shall pay to Plaintiffs in settlement of this action the total
14 sum of $4067.37.

16 3.  Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and
17 service of process fee) in the amount of $432.63.

19 4.  Defendant shall be and hereby is enjoined from directly or indirectly
20 infringing Plaintiffs' rights under federal or state law in any sound recording,
21 whether now in existence or later created, that is owned or controlled by Plaintiffs
22 (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs'
23 Recordings"), including without limitation by:

25 ///

27 ////

PDF created with pdfFactory trial version www.pdffactory.com

1

      a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

      b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

      5.    Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

PDF created with pdfFactory trial version www.pdffactory.com

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED: October 12, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE